[Cite as *State v. Harmon*, 2012-Ohio-903.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25756 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GEORGE F. HARMON. JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 07 1974 |

DECISION AND JOURNAL ENTRY

Dated: March 7, 2012

---

BELFANCE, Judge.

{¶ 1}   George Harmon appeals his convictions for kidnapping, felonious assault, domestic violence, and arson.  For the reasons set forth below, we reverse and remand.

I.

{¶ 2}   In 2010, a jury found Mr. Harmon guilty of two counts of kidnapping, two counts of domestic violence, and one count each of felonious assault and arson.  The trial court merged the kidnapping convictions for the purposes of sentencing and proceeded to sentence Mr. Harmon to an aggregate term of thirteen years in prison.

{¶ 3}   Mr. Harmon has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT IMPOSED SEPARATE SENTENCES FOR OFFENSES THAT AROSE FROM THE SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS, AND

SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES UNDER R.C. 2941.25.

{¶ 4} Mr. Harmon argues that the trial court erred by sentencing him for allied offenses of similar import. Specifically, Mr. Harmon argues that his convictions for kidnapping, felonious assault, and domestic violence should have been merged for the purposes of sentencing.

{¶ 5} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. The State concedes that the trial court did not consider *Johnson* when it sentenced Mr. Harmon. In light of our precedent, it is appropriate to remand this case so that the trial court can apply *Johnson* in the first instance. *See, e.g., State v. Creel*, 9th Dist. No. 25476, 2011–Ohio–5893, ¶ 4.

{¶ 6} Mr. Harmon's assignment of error is sustained.

### III.

{¶ 7} Mr. Harmon's assignment of error is sustained. Mr. Harmon's sentence is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT


WHITMORE, P.J.
DICKINSON, J.
CONCUR

APPEARANCES:

MELISSA M. PRENDERGAST, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.